THIS OFFICE HAS RECEIVED YOUR REQUEST CONCERNING AN OPINION ON THE CONSTITUTIONALITY OF 70 O.S. 8-106 (1981) WHICH RESTRICTS THE RIGHT TO VOTE ON THE QUESTION OF DOING AWAY WITH ALL, OR A PART OF A SCHOOL DISTRICT TO REGISTERED VOTERS WHO HAVE CHILDREN ELIGIBLE TO ATTEND THE GRADES OFFERED IN THAT DISTRICT. AS I EXPLAINED TO YOU LAST WEEK, THERE WOULD NOT BE SUFFICIENT TIME TO RESEARCH, WRITE AND GET APPROVAL FOR AN OFFICIAL OPINION IN A MATTER OF FIVE (5) DAYS. INSTEAD, I HAVE DONE AN ACCELERATED RESEARCH JOB TO FIND A U.S. SUPREME COURT CASE WHICH HAS DEALT WITH A SIMILAR SITUATION. FORTUNATELY, I FOUND A CASE WHICH I BELIEVE TO BE ALMOST SQUARELY ON POINT.
AS I JUST STATED, 70 O.S. 8-106 PROVIDES A METHOD BY WHICH A SCHOOL DISTRICT, OR A PART THEREOF MAY "BE DISPENSED WITH". THE STATUTE ALLOWS A MAJORITY VOTE AT AN ELECTION CALLED FOR THIS PURPOSE TO DISPENSE WITH A SCHOOL. IT ALSO PROVIDES FOR A PETITION SIGNED BY 60% OF THE ELIGIBLE ELECTORS AS AN ALTERNATIVE PROCEDURE. IN BOTH CASES, THE ELIGIBLE ELECTORS OR SIGNERS ARE LIMITED TO "THE SCHOOL DISTRICT ELECTORS HAVING CHILDREN ELIGIBLE TO ATTEND SCHOOL IN THE GRADES OFFERED IN A SCHOOL DISTRICT". I MUST POINT OUT INITIALLY THAT THE OKLAHOMA SUPREME COURT HAD OCCASION TO CONSTRUE THIS STATUTE IN BOARD OF EDUCATION OF DEP. SCH. DIST. NO. 23 OSAQE COUNTY V. ALLEN, 615 P.2D 1009 (OKLA. 1980). THIS CASE DID NOT ADDRESS THE CONSTITUTIONALITY OF THIS STATUTE AND ONLY HELD THAT THE ELIGIBLE ELECTORS IN THE STATUTE HAD TO BE REGISTERED VOTERS AS WELL AS PARENTS OF SCHOOL AGE CHILDREN.
THERE WAS A CONSTITUTIONAL CHALLENGE TO THIS STATUTE IN DUNCAN V. GOLDEN, 316 P.2D 1116 (OKLA. 1957). CERTAIN PERSONS ARGUED IN THAT CASE THAT THE STATUTE WAS VIOLATIVE OF OKLA. CONST. ARTICLE III, SECTION 1, SINCE IT ADDED TO THE QUALIFICATIONS OF VOTERS. THE COURT EXPRESSLY CHOSE NOT TO ADDRESS THIS ISSUE AND RULED ON OTHER INDEPENDENT GROUNDS.
IN KRAMER V. UNION FREE SCHOOL DISTRICT NO. 15,395 U.S. 621, 89 S.CT. 1886, 23 L.ED.2D 583 (1969), THE UNITED STATES SUPREME COURT DEALT WITH A VERY SIMILAR NEW YORK LAW WHICH LIMITED VOTING ON CERTAIN SCHOOL DISTRICT MATTERS TO PERSONS WITH CHILDREN ENROLLED IN THE SCHOOLS OR PERSONS OWNING OR LEASING PROPERTY SUBJECT TO TAXATION WITHIN THE DISTRICT. WHILE THIS LAW WAS SLIGHTLY MORE RESTRICTIVE THAN 70 O.S. 8-106, THE REASONING OF THE COURT IS DIRECTLY APPLICABLE TO ANALYZING THE VALIDITY OF THE OKLAHOMA LAW.
FIRST, THE COURT POINTED OUT THAT BECAUSE THE STATUTE DISENFRANCHISED CERTAIN VOTERS, IT WAS SUBJECT TO "STRICT SCRUTINY" BY THE COURT. QUOTING FROM A PREVIOUS CASE THE COURT OBSERVED:
 "SINCE THE RIGHT TO EXERCISE THE FRANCHISE IN A FREE AND UNIMPAIRED MANNER IS PRESERVATIVE OF OTHER BASIC CIVIL AND POLITICAL RIGHTS, ANY ALLEGED INFRINGEMENT OF THE RIGHT OF CITIZENS TO VOTE MUST BE CAREFULLY AND METICULOUSLY SCRUTINIZED. (CITATIONS OMITTED). THIS CAREFUL EXAMINATION IS NECESSARY BECAUSE STATUTES DISTRIBUTING THE FRANCHISE CONSTITUTE THE FOUNDATION OF OUR REPRESENTATIVE SOCIETY. (EMPHASIS ADDED)"
395 U.S. AT 626.
IN MY VIEW OKLAHOMA'S STATUTE MUST ALSO WITHSTAND STRICT SCRUTINY IF IT IS CHALLENGED ON THE BASIS OF VIOLATING THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.
THE COURT WENT ON TO POINT OUT THAT BECAUSE THE STATE WAS DENYING THE VOTE TO OTHERWISE QUALIFIED CITIZENS, THAT THE STATE WOULD HAVE TO JUSTIFY THE DISCRIMINATION BY SHOWING SOME COMPELLING STATE INTEREST:
 "STATUTES GRANTING THE FRANCHISE TO RESIDENTS ON A SELECTIVE BASIS ALWAYS POSE THE DANGER OF DENYING SOME CITIZENS ANY EFFECTIVE VOICE IN THE GOVERNMENTAL AFFAIRS WHICH SUBSTANTIALLY AFFECT THEIR LIVES. THEREFORE, IF A CHALLENGED STATE STATUTE GRANTS THE RIGHT TO VOTE TO SOME BONA FIDE RESIDENTS OF REQUISITE AGE AND CITIZENSHIP AND DENIES THE FRANCHISE TO OTHERS, THE COURT MUST DETERMINE WHETHER THE EXCLUSIONS ARE NECESSARY TO PROMOTE A COMPELLING STATE INTEREST."
(CITATION OMITTED).
395 U.S. AT 626,627.
THE STATE OF NEW YORK TRIED TO ARGUE THAT ITS STATUTE WAS CONSTITUTIONAL BECAUSE THE NARROWER CLASS OF VOTERS CREATED BY THE STATUTE WERE THOSE "PRIMARILY INTERESTED IN SUCH ELECTIONS". THE SUPREME COURT DID NOT ACCEPT THE STATE'S ARGUMENT AND POINTED OUT THAT THE STATUTE EXCLUDED PERSONS DIRECTLY AFFECTED BY THE ELECTIONS IN WHICH THEY WERE INELIGIBLE TO PARTICIPATE. THE COURT POINTED OUT THAT A CHILDLESS, TAXPAYING ADULT LIVING WITH HIS PARENTS COULD NOT VOTE EVEN WHERE HE MAINTAINED A HIGH INTEREST IN LOCAL SCHOOL AFFAIRS WHEN AN UNEMPLOYED, DISINTERESTED PERSON WHO RENTED AN APARTMENT WAS ELIGIBLE.
IN MY VIEW, 70 O.S. 8-106 SUFFERS FROM THE SAME DEFECT. UNDER THIS STATUTE, A YOUNG COUPLE WHO HAVE LIVED IN THE SCHOOL DISTRICT ALL OF THEIR LIVES, AND WHO HAVE THREE CHILDREN WHO ARE TOO YOUNG TO ATTEND SCHOOL, HAVE NO VOTE EVEN THOUGH THEY DECIDED TO RAISE THEIR KIDS IN THEIR HOMETOWN AND EVENTUALLY WANT TO SEND THEIR KIDS TO THEIR OLD SCHOOL. THIS SAME STATUTE ALLOWS ANOTHER COUPLE WHO SEND THEIR ONLY CHILD TO AN EXPENSIVE PRIVATE SCHOOL TO VOTE IN THAT ELECTION.
THIS STATUTE PREVENTS MOST SENIOR CITIZENS THE RIGHT TO VOTE ON THESE IMPORTANT ISSUES EVEN THOUGH THEIR TAX DOLLARS PROBABLY BUILT THE SCHOOL BUILDINGS AND WHO MAY VERY WELL BE THE SCHOOL DISTRICT'S BIGGEST SUPPORTERS. AT THE SAME TINE IT ALLOWS PARENTS OF CHILDREN TO VOTE WHO MAY NEVER HAVE ATTENDED A SCHOOL BOARD MEETING OR WHO COULD CARE LESS ABOUT THEIR CHILDREN'S EDUCATION.
THE PROBABLE RATIONALE BEHIND THIS STATUTE IS THE NOTION THAT CITIZENS AND TAXPAYERS WHO DON'T HAVE KIDS CURRENTLY ELIGIBLE TO ATTEND SCHOOL, SOMEHOW DON'T CARE OR SHOULDN'T HAVE A VOICE IN THE CONTINUED VIABILITY OF A LOCAL EDUCATIONAL FACILITY. THIS RATIONALE WILL BE VERY HARD TO DEFEND WHEN OUR HIGHEST ELECTED STATE OFFICIALS ARE PUSHING FOR MORE FUNDING FOR EDUCATION WHICH WILL BE PAID FOR BY ALL CITIZENS WHETHER THEY HAVE SCHOOL KIDS OR NOT.
IN MY OPINION 70 O.S. 8-106 IS UNCONSTITUTIONAL SINCE IT VIOLATES EQUAL PROTECTION OF THE LAWS UNDER THE14TH AMENDMENT TO THE UNITED STATES CONSTITUTION BY DENYING THE RIGHT TO VOTE TO OTHERWISE ELIGIBLE SCHOOL DISTRICT ELECTORS WHOSE LIVES MAY BE DIRECTLY AFFECTED BY THE DECISION TO "DISPENSE WITH" A SCHOOL DISTRICT.
(THOMAS L. SPENCER)